UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

|                            |   |                       |
|----------------------------|---|-----------------------|
| UNITED STATES OF AMERICA   | ) |                       |
|                            | ) |                       |
|          v.                | ) | C.R. No. 99-10333-MLW |
|                            | ) |                       |
| CONSTANCE CIRINO,          | ) |                       |
|     Defendant.             | ) |                       |

                          MEMORANDUM & ORDER

WOLF, D.J.

   Defendant Constance Cirino asks that this court grant her a new trial and re-sentencing on the grounds that the sentence imposed under the Sentencing Guidelines is unconstitutional and also, on the basis of newly discovered evidence, unfounded. Cirino pled guilty on October 23, 2000, and was sentenced November 28, 2001. The instant motion was filed over three years later on January 20, 2005. For the following reasons, Cirino's motion is being denied.

   Cirino's Motion for A New Trial is time-barred. Federal Rule of Criminal Procedure 33(b) establishes the relevant time period:

   (1) Newly Discovered Evidence. Any motion for a new trial
   grounded on newly discovered evidence must be filed within 3
   years after the verdict or finding of guilty. If an appeal is
   pending, the court may not grant a motion for a new trial
   until the appellate court remands the case.

   (2) Other Grounds. Any motion for a new trial grounded on any
   reason other than newly discovered evidence must be filed
   within 7 days after the verdict or finding of guilty.

Fed. R. Crim. P. 33. Over three years have elapsed between Cirno's guilty plea and the filing of the instant motion. This

                                    1

precludes relief under the three year rule for newly discovered evidence and certainly under the seven day rule for all other grounds. See 3 C. Wright, N. King, S. Klein, Civil Practice and Procedure, §558 at 603 (2004) ("If the trial was to a jury, the time runs from the return of the verdict rather than the date of sentence.  If trial was to the court, the time runs from the entry of the court's finding that defendant is guilty.").  This would be true even if the court were to count from the later November 28, 2001 sentencing.

As the time limitations of Rule 33 are jurisdictional, this court has no power to consider Cirino's untimely motion.  See United States v. Smith, 331 U.S. 469, 475-76 (1947); United States v. Fontanez, 628 F.2d 687, 691 (1980).

Further this court lacks the power to hear Cirino's Motion For A Re-Sentencing.  Federal Rule of Criminal Procedure 35 allows a sentencing court to consider re-sentencing only to correct, within seven days of sentencing, a technical error, or, within one year and upon a motion of the government, for a prisoner's substantial assistance.  Fed. R. Crim. P. 35.  Rule 35 does not allow challenges to the legality of a sentence.  Any challenge to the legality of Cirino's sentence must be made under 28 U.S.C. §2255 (governing petitions for a writ of habeas corpus).

Even if this court had the power to hear the motion as a

petition for habeas, the petition would be unavailing.  Habeas petitions are unavailable to advance <u>Booker</u> claims in the absence of a Supreme Court decision rendering <u>Booker</u> retroactive.  <u>See</u> <u>Cirilo-Munoz v. United States</u>, 404 F.3d 527, 533 (1st Cir. 2005).

    Accordingly, Cirino's Motion For A New Trial And Re-Sentencing, (Docket No. 145), is hereby DENIED.


 December 11, 2006                      /s/ Mark L. Wolf
DATE                                          UNITED STATES DISTRICT JUDGE